| | | | | | |
|---|---|---|---|---|---|
| Minute Order Form (06/97) | | | | | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1093 | **DATE** | 9/19/2003 |
| **CASE TITLE** | VELA SWAIN vs. CUB FOODS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on Swain's employment discrimination claims against Cub Foods under 42 U.S.C. Section 1983 and Title VII. Cub Foods' motion for summary judgment on these claims is granted. This is a final and appealable order. Ruling date of 10/1/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 2 3 2003 | |
| | Notified counsel by telephone. | date docketed | 26 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | 03 SEP 19 PM 3:06 FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 2 3 2003

VELA SWAIN,

    Plaintiff,

v.

CUB FOODS,

    Defendant.

No. 02 C 1093
Paul E. Plunkett, Senior Judge

## MEMORANDUM OPINION AND ORDER

Vela Swain ("Swain") has sued Cub Foods for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Cub Foods has filed a Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment. For the reasons set forth below, the motion is granted.

### Facts

Unless otherwise noted, the following facts are either undisputed or deemed admitted because Swain's response to Cub Foods' motion for summary judgment failed to comply with Local Rule 56.1 ("LR 56.1"), a local rule which this Court enforces.[1] *See Smith v. City of Chicago*, 2002 WL 1770532 (N.D. Ill. Aug. 1, 2002). Cub Foods, a private corporation, operates numerous discount

---

[1] The local rule requires that Swain respond directly to each of the statements in Cub Foods' LR 56.1(a)(3) Statement of Material Facts ("Def.'s LR 56.1(a) Stmt."). Disagreement with any of these statements should be indicated with specific reference to the record. *See* N.D. Ill. R. 56.1(b)(3)(A). Swain failed to do this. Swain also declined to submit her own statement of material facts as provided for in LR 56.1(b)(3)(B).

2 6

grocery stores across the country. (Def.'s LR 56.1(a) Stmt. ¶ 1.) Swain has been employed as a deli clerk at the Cub Foods store in Round Lake Beach, Illinois for approximately three years; she is still employed in the position. (*Id.* ¶ 2.) Prior to her employment with Cub Foods, Swain worked at K-Mart as a deli clerk. (*Id.* ¶ 16.) Terry Stritter was also a deli clerk at K-Mart and worked with Swain. (*Id.*) Swain left K-Mart because she was mistreated by co-worker Stritter and because K-Mart did not offer her benefits. (*Id.* ¶ 17.) Stritter would "scream and holler" at Swain, but Swain did not think that Stritter's conduct was harassing or discriminatory. (*Id.* ¶ 18.) Months after quitting her job at K-Mart, Swain applied for a deli clerk position at Cub Foods. (*Id.* ¶ 19.) During her interview at Cub Foods, Swain met with Maureen Volpa, the deli manager. (*Id.* ¶ 20.) Volpa told Swain that Stritter was employed at Cub Foods as a deli clerk and asked Swain if she knew Stritter. (*Id.*) Swain told Volpa that she knew Stritter, but that she and Stritter did not get along. Swain accepted the position at Cub Foods, knowing that she would be working with Stritter. (*Id.* ¶¶ 20, 21.)

Approximately nine months after Swain started at Cub Foods, Stritter told Swain: "Oh, you have a lot of jewelry. Most black people can't afford jewelry." (*Id.* ¶ 22.) Prior to this comment, Swain and Stritter had no other communication that did not specifically relate to work. (*Id.* ¶ 23.) Swain did not respond to Stritter's comment, but she did report the comment to Volpa, although Swain does not recall when she told Volpa nor does she recall any detail about her discussion with Volpa. (*Id.* ¶ 24.) Swain does not recall if she told Volpa that she was offended by the comment or that she felt the comment was racially discriminatory. (*Id.* ¶ 25.) Swain did not make a formal complaint to Cub Foods' Human Resources Department nor did she inform her Union representative or file a grievance. (*Id.* ¶ 27.)

One month later, Stritter said to Swain: "Oh, you got the good hair. Most black people need their hair pressed." (*Id.* ¶ 28.) Swain said nothing in response to this comment. Swain states that she reported the comment to Volpa, but does not recall when she reported it or the details about her discussion with Volpa. (*Id.* ¶¶ 29, 31.) Swain did not make a formal complaint to Cub Foods' Human Resources Department nor did she inform her Union representative or file a grievance. (*Id.* ¶ 32.)

Three months later, in October 2001, while Stritter was sweeping the deli floor, the broom touched and "swept" Swain's foot. In response, Swain asked what Stritter was doing. Stritter responded: "Hey, I know that black people don't like their feet swept, like people are superstitious." (*Id.* ¶ 34.) Swain said nothing in response. (*Id.* ¶ 35.) Swain informed Volpa of this comment but Volpa did not respond in any way and it was possible that Volpa did not hear Swain. (*Id.* ¶ 36.) Swain never informed Volpa that she felt the comment was offensive or a racial slur. (*Id.* ¶ 37.) Swain never mentioned Stritter's comment to anyone else at Cub Foods, including her Union representative or the Human Resources Department. (*Id.* ¶ 38.)

At some point during her employment at Cub Foods, Swain took time off from work for medical reasons. When she called Volpa to inquire about coming back to work Volpa said "I don't understand you people." (*Id.* ¶ 39.) After Volpa made this comment, Swain filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), but did not report the comment to anyone at Cub Foods – not a manager, a Union representative or a Human Resources Department representative. (*Id.* ¶ 40.) Other than the three comments made by Stritter and the comment made by Volpa, no one else made any comments or took any action against Swain that she felt was discriminatory. (*Id.* ¶ 41.)

On February 14, 2002, Swain filed this *pro se* complaint and indicated on the form complaint[2] that she was alleging discrimination under Title VII based on color, national origin and race; discrimination under 42 U.S.C. § 1983 based on color, national origin and race; and a failure to reasonably accommodate her religion. (Def.'s LR 56.1(a) Stmt. Ex. 3.) Swain does not know, however, why she indicated on the form complaint that she had a claim regarding religion and does not know whether she has been discriminated against because of her religion. (Def.'s LR 56.1(a) Stmt. ¶¶ 6, 7.) She has no knowledge or recollection of any issue regarding her religion. (*Id.* ¶ 8.) She did not allege discrimination based on religion or failure to accommodate her religion in her EEOC charge. (Def.'s LR 56.1(a) Stmt. Ex. 4.)

Swain does not know what "national origin" means and does not know why, on the form complaint, she checked the box alleging discrimination based on national origin. (Def.'s LR 56.1(a) Stmt. ¶ 11.) As for her claim of discrimination based on color, Swain intended this to mean discrimination because she is black, and thought this claim was the same as a racial discrimination claim. (*Id.* ¶ 12.) Her EEOC charge identified only a racial discrimination claim and she intended to bring only this claim. (Def.'s LR 56.1(a) Stmt. Ex. 4; Def.'s LR 56.1(a) Stmt. ¶ 10.)

Cub Foods has filed a motion for summary judgment on all of Swain's claims.

---

[2] Swain completed a form complaint of employment discrimination. The form allows a plaintiff to check boxes to indicate, among other things, what kind of discrimination (e.g., disability, age, race) is at issue, what adverse employment actions were suffered by plaintiff and what kind of remedy is sought.

*v. Union Nat'l Bank*, 46 F.3d 24, 25 (7th Cir. 1994). There is no evidence that this is the case, and so we grant Cub Foods summary judgment on this claim.

As for the discrimination claims based on religion (including failure to accommodate), color and national origin, we note that Swain did not include these claims in her EEOC charge and so is precluded from raising them for the first time here. *See Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Moreover, Swain has not presented sufficient evidence to demonstrate a genuine issue of material fact with respect to any of these claims and thus has not sustained her burden under Rule 56(e). *See Liu v. T & H Machine, Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("a genuine issue of material fact does not exist unless there is sufficient evidence favoring the non-moving party"). Accordingly, we grant Cub Foods' motion for summary judgment with respect to these claims.

*Claim for Racial Discrimination*

Swain did raise a Title VII racial discrimination claim with the EEOC and so we address the claim's merits. Swain argues that Stritter's three comments and Volpa's single comment, along with the unresponsiveness of Swain's superiors to those comments, constitute harassment and combine to make a racially hostile work environment. We disagree.

"In order to survive summary judgment on a hostile work environment claim, a plaintiff must present evidence that would establish that the allegedly hostile conduct was so severe or pervasive as to create an abusive working environment in violation of Title VII." *Russell v. Board of Trustees*, 243 F.3d 336, 342-43 (7th Cir. 2001). Our analysis has both an objective and a subjective element – conduct covered by Title VII is conduct that "a reasonable person would find . . . hostile and which

the victim [herself] . . . sees as abusive." *Filipovic v. K&R Express Sys., Inc.*, 176 F.3d 390, 398 (7th Cir. 1999) (quoting *Ngeunjuntr v. Metro. Life Ins. Co.*, 146 F.3d 464, 467 (7th Cir. 1998)). In determining whether conduct is actionable, we look at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Adusumilli v. City of Chicago*, 164 F.3d 353, 361 (7th Cir. 1998) (internal quotation marks and citation omitted). We must first conclude that Swain has stated a valid claim before we consider whether Cub Foods may be liable as an employer. *See Daniels v. Essex Group, Inc.*, 937 F.2d 1264, 1272 (7th Cir. 1991) (employer liable if employer knew or should have known about the harassment and failed to take appropriate remedial measures).

Reading the record in the light most favorable to Swain, the conduct she complains of fails to meet the standard stated above. Stritter's comments demonstrate a misguided belief in the accuracy of racial stereotypes and ignorance regarding correct workplace etiquette, but they were not hostile. *See Russell*, 243 F.3d at 343 ("discrimination laws do not mandate admirable behavior from employers"). Volpa's comment was inappropriate, but isolated. *See Ngeunjuntr v. Metro. Life Ins. Co.*, 146 F.3d 464, 467 (7th Cir. 1998).

Stritter's and Volpa's comments were not frequent enough nor severe enough to rise to the level of actionable conduct. *See Russell*, 243 F.3d at 343-44 (discussing comments and conduct of male supervisor toward female subordinate that, though boorish and offensive, did not constitute actionable conduct). *See also Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995) (numerous "vulgar" incidents that took place over seven months were not sexual harassment). Four comments within an apparently fixed four-month period does not constitute frequent behavior and

these comments were not physically threatening or humiliating. *See Adusumilli*, 164 F.3d at 362 (conduct that is too "tepid or intermittent or equivocal" does not provide basis for reasonable person to believe discrimination occurred). Moreover, there is no evidence that Swain's well-being or ability to perform her work suffered as a result of these comments. *See Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 674 (7th Cir. 1993) (the objective and subjective standards allow courts to consider conduct's effect on a *reasonable* person's ability to perform work and well-being as well as *actual* effect on plaintiff bringing claim) (emphasis in original). Because we have found that Swain has failed to demonstrate a genuine issue of material fact regarding a hostile work environment, our inquiry into Cub Foods' liability ends.

## Conclusion

For the reasons stated above, there is no genuine issue of material fact on Swain's employment discrimination claims against Cub Foods under 42 U.S.C. § 1983 and Title VII. Cub Foods' motion for summary judgment on these claims is granted. This is a final and appealable order.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: 9-19-03